CLERKS COPY FILED AT ALBUQUERQUE NM AUG 2 6 1999 ROBERT M. MARCH CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARVIN JONES,

    Plaintiff,

v.

No. CIV-99-0756 BB/WWD

ANN MARIE RAFTSHOL,
MARY MARKS (SCHUMACHER),
TURQUOISE LODGE TREATMENT PROGRAM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that in 1991, while Plaintiff was hospitalized for substance abuse, he was forced to resign from his job because of a hostile work environment which resulted from Defendants'

racial bias and retaliation against him. In addition to forcing Plaintiff from his work, Defendants' actions led to Plaintiff's subsequent incarceration, severe mental disorders, and loss of his family and home. He claims Defendants' conduct violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff prosecuted his discrimination claims, unsuccessfully, in state administrative and judicial proceedings. The complaint seeks declaratory relief and damages.

Plaintiff alleges that the state district court dismissed his discrimination claims and the court of appeals affirmed that decision. Because Plaintiff now seeks an order effectively setting aside the state courts' rejections of his discrimination claims, adjudication of his complaint would require impermissible review of state court proceedings. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984) (citing 28 U.S.C. § 1257); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [state rights], then the District Court is in essence being called upon to review the state court decision." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983), *quoted in Razatos*, 746 F.2d at 1432. Plaintiff's complaint attacks judgments of state courts, and his remedy may only be pursued in the United States Supreme Court. *Anderson*, 793 F.2d at 263; *and see Facio v. Jones*, 929 F.2d 541, 543 (10th Cir.1991) (same for declaratory relief). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED; and an order of dismissal shall be entered in accordance with this opinion;

_____
UNITED STATES DISTRICT JUDGE